# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| YONG HUE NICHOLS, | : | |
| Plaintiff, | : | |
| | | Case No. 3:10cv00301 |
| vs. | : | |
| | | District Judge Timothy S. Black |
| MICHAEL J. ASTRUE, | : | Chief Magistrate Judge Sharon L. Ovington |
| Commissioner of the Social | | |
| Security Administration, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

On August 11, 2011, the Clerk of Court entered Judgment in this case, effecting this Court's Decision and Entry issued that same date. As a result, this matter was remanded (in part) to the Social Security Administration for payment of Disability Insurance Benefits to Plaintiff based on the conclusion that she was under a benefits-qualifying disability beginning on May 8, 2009. The remand Decision was not challenged and is not presently being challenged in this Court or on appeal.

What is being challenged is this Court's conclusion that Plaintiff was not under a benefits-qualifying disability before May 8, 2009. This arises in Plaintiff's presently pending *pro se* Motion for Reconsideration (Doc. #20) and Notice (Doc. #21). She filed her

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

Motion for Reconsideration on January 4, 2013, more than one year and four months after Judgment was entered in this case.

This Court may generally relieve a party from a Judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud..., misrepresentation, or misconduct by an opposing party;
> (4) the judgement is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "The burden is on the movant to bring herself within the provisions of Rule 60(b)." *In re G.A.D., Inc*., 340 F.3d 331, 334 (6th Cir. 2003).

"A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1); *see In re G.A.D., Inc.,* 340 F.3d at 334.

Plaintiff's Motion and Notice provide no explanation of why she did not seek relief from the Judgment for more than one year after it was entered.  Her Motion and Notice are therefore untimely under Rule 60(b)(1), (2), and (3).  Plaintiff, moreover, has not met her burden of demonstrating that her circumstances fall within the any of Rule 60(b)'s provisions.  She instead asks the Court to reconsider the Judgment on its merits for reasons related to her family circumstances, including, for example, the fact that she has a 16-year-old son to support and the fact that her ex-husband cannot control money.  (Doc. #20).

Although she describes very difficult personal and family circumstances, her description does not identify matters falling within a ground for relief from judgment authorized by Rule 60(b)(1)-(6).  Her Notice suffers from the same problem with the additional reference "to an MRI done on 12/19/2006" and to the fact that she is now "seeing Dr. Steven M. Kleinhenz MD at Far Oaks Orthopedics" for treatment of her left shoulder injury, which causes her left should to freeze.  (Doc. #21).  And she notes, "I have more treatment papers to show to prove this long time injury." *Id*.  This information and evidence, while pertinent to her ongoing health problems and circumstances, do not implicate a reason to warrant relief under Rule 60(b)(1)-(6).

Accordingly, Plaintiff is not entitled to relief from the Judgment previously entered in this case.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's presently pending *pro se* Motion for Reconsideration (Doc. #20) be DENIED; and

2. This case remain closed on the Court's docket.

February 22, 2013

                s/Sharon L. Ovington
                Sharon L. Ovington
              Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).