# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

YONG HUI NICHOLS,              :

    Plaintiff,               :
                                            Case No. 3:10cv00301
vs.                            :
                                            District Judge Timothy S. Black
CAROLYN COLVIN,                :   Chief Magistrate Judge Sharon L. Ovington
Acting Commissioner of the Social
Security Administration,       :

    Defendant.              :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS[1]

      This case has been recommitted to the undersigned Judicial Officer pursuant to Fed. R. Civ. P. 72(b)(3) for consideration of Plaintiff's Objections (Doc. #23) and the Commissioner's Response (Doc. #24) to the Report and Recommendations filed on February 22, 2013 (Doc. #22).

      The Court previously remanded this matter to the Social Security Administration for payment of Disability Insurance Benefits to Plaintiff. The original Report and Recommendations concluded that "Plaintiff was under a disability beginning on July 26, 2006 ...." (Doc. #17, PageID 552). Yet the Report's final list of Recommendations did not clearly indicate that the matter should be remanded for payment of benefits to Plaintiff based

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

on her July 26, 2006 disability onset date.  *See id*.

Neither party filed Objections to the Report and Recommendations, and after a Decision and Entry adopted the Report and Recommendations, and a corresponding Judgment issued.  The case was then remanded to the Social Security Administration without a specific statement that the remand was for the purpose of paying benefits to Plaintiff based on her July 26, 2006 disability onset date.  (Doc. #s 18, 19).

To his credit, the Special Assistant United States Attorney recently acknowledged, "It appears ... that the Agency erroneously effectuated the Decision and Entry, and that Ms. Nichols has been receiving benefits from May 2009 – not July 2006.  The Agency is in the process of correcting this issue, and hopes to have it rectified within the next 30 days."  (Doc. #24, PageID at 565-66).

In light of the above development, Plaintiff's Motion for Reconsideration and her Objections to the Report and Recommendations filed on February 22, 2013  (Doc. #22) are well taken.  That Report, which recommended denying Plaintiff's Motion for Reconsideration, will be withdrawn.  In addition, the Clerk's Judgment should be amended pursuant to Fed. R. Civ. P. 60(a) to specifically state that the matter is remanded to the Social Security Administration for payment of benefits based on Plaintiff's disability onset date of July 26, 2006.

Accordingly, the Report and Recommendations filed on February 22, 2013 (Doc. #22) is **WITHDRAWN**.

And it is **RECOMMENDED** that:

1. Plaintiff's Motion for Reconsideration (Doc. #20) be **GRANTED**; and

2. Paragraph three of the Clerk's Judgment (Doc. #19) be **AMENDED** as follows:

   **IT IS ORDERED AND ADJUDGED**: that the Report and Recommendations (Doc. 17) is **ADOPTED** in full; the Commissioner's final decision is **AFFIRMED IN PART** to the extent the Administrative Law Judge determined that Plaintiff was under a "disability" as defined by the Social Security Act beginning on May 8, 2009; the Commissioner's final decision that Plaintiff was not under a "disability" as defined by the Social Security Act is **REVERSED IN REMAINING PART**, and this matter is **REMANDED** to the Social Security Administration under Sentence Four of 42 U.S.C. §405(g) for payment of benefits to Plaintiff based on her disability onset date of July 26, 2006 consistent with the Decision and Entry, the Report and Recommendations, and the Social Security Act; and this case remains **TERMINATED** on the docket of this Court.

April 18, 2013

                 s/Sharon L. Ovington
                 Sharon L. Ovington
            Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).